UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10458-RGS

DAVID MORROW

v.

JEFFREY GRONDOLSKY

MEMORANDUM AND ORDER

June 21, 2018

For the foregoing reasons, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.

BACKGROUND

On March 3, 2018, Petitioner, David T. Morrow, an inmate at the Federal Medical Center, Devens, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on the basis that the federal prosecutors failed to turn over exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner is presently serving a 504-month sentence imposed after jury trial conviction of conspiracy to distribute crack cocaine and maintaining a residence for the purpose of distributing crack cocaine. *United States v. Morrow*, No. 07-cr-40006-JPG (S.D. Ill. Mar. 3, 2008).[1]

---

[1] Petitioner filed a direct appeal, challenging only his sentence. The Seventh Circuit remanded the case for resentencing, instructing this Court to re-evaluate the sentencing factors in 18 U.S.C. § 3553(a), including an analysis of Petitioner's health problems (loss

Although the only topic of Morrow's direct appeal, in which he was represented by counsel, was his sentence, *see United States v. Harris*, 567 F.3d 846, 853 (7th Cir. 2009), Morrow's second appeal, in which he proceeded *pro se* after discharging his attorney, included additional grounds related to his conviction.  In denying Morrow's *pro se* motion to supplement his brief filed on February 4, 2009, the Seventh Circuit recognized that Morrow wanted "to argue that his trial counsel was ineffective and that the government forced cooperating witnesses to lie" but noted that "[b]ecause determination of these issues would require examination of evidence not in the trial record," such issues "would be more appropriately raised in a petition for writ of habeas corpus after the appellant has completed his direct appeal."  *See* Doc. No. 1-1, p.1, *Morrow v. United States*, No. 08-1543 (7th Cir. Feb. 10, 2009) (citing *United States v. Brooks*, 125 F. 3d 484, 495 (7th Cir. 1997)).

In affirming Morrow's sentence, the Seventh Circuit found no merit in any of Morrow's challenges to his resentencing and noted that the majority of the issues raised concerned Morrow's conviction which fall outside the

---

of his leg and other complications from diabetes) as they relate to these factors.  *United States v. Harris*, 567 F.3d 846, 854–55 (7th Cir. 2009) (Petitioner's appeal was consolidated with those of his two co-defendants).  Petitioner was resentenced on March 11, 2010, and was again sentenced to 504 months.

scope of appellate review since they could have been raised in his first appeal. *United States v. Morrow,* 418 Fed. App'x 537, 539 (7th Cir. 2011).

On August 8, 2011, Morrow filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody raising nine grounds for relief. *Morrow v. United States*, No. 11-cv-675-JPG, 2012 WL 1565645 (S.D. Ill. May 2, 2012) (order directing Government to file a response to the § 2255 motion). In directing service of the *pro se* motion, the sentencing court recognized that the appellate court, in finding that Morrow's issues fell outside the scope of appellate review, "instructed him that these issues would be more appropriately raised in a § 2255 motion." *Id.* at *2.

In the § 2255 motion, petitioner alleged, among other things, that he was denied a fair trial when the prosecutor introduced perjured testimony: i.e. that the government introduced supposed perjured testimony of co-defendant Dekal James, who was sentenced to 262 months after pleading guilty and cooperating with the government. *Morrow v. United States*, No. 11-cv-675-JPG, 2013 WL 556391 (S.D. Ill. February 13, 2013). However, the sentencing court held that Morrow had defaulted on this claim by failing to raise it on direct appeal, and that Morrow had not shown good cause or prejudice for failing to raise such claim on direct appeal. *Id.* In response to

3

Morrow's contention that he was not permitted to raise this issue on appeal, the sentencing court noted that Morrow had a total of 4 attorneys throughout the underlying proceedings and that he did not allege that attorney Kister (who filed the initial, direct appeal) was ineffective. *Id.* The sentencing court declined to issue a certificate of appealability. *Id.*

Morrow appealed the denial of his § 2255 motion and the Seventh Circuit found no substantial showing of the denial of a constitutional right and denied the request for a certificate of appealability. *See Morrow v. United States*, No. 13-470 (7th Cir. July 11, 2013). Morrow's petition for rehearing was denied, *Morrow v. United States*, No. 13-470 (7th Cir. July 11, 2013), and the Supreme Court denied Morrow's petition for a writ of certiorari. *Morrow v. United States*, 134 S. Ct. 832 (2013).

Having unsuccessfully filed a Section 2255 petition, Morrow filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Morrow v. Grondolsky*, No. 17-11634-WGY (dismissed December 22, 2017), *appeal filed*, No. 18-1081 (1st Cir. Jan. 22, 2018). The 2017 petition alleged prosecutorial misconduct; specifically that the government presented perjured testimony and "failed to disclose a deal" not to prosecute Dekal James's mother. *See* ECF No. 1, Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, *Morrow v. Grondolsky*, No. 17-11634-WGY, at 6-7 (D.

Mass. Aug 24, 2017). Morrow's 2017 petition was dismissed for (1) lack of jurisdiction to entertain a second or successive petition under § 2255; and (2) lack of subject matter jurisdiction to consider under § 2241 an out-of-district conviction. *See Morrow v. Grondolsky*, No. 17-11634-WGY (dismissed December 22, 2017), *appeal filed*, No. 18-1081 (1st Cir. Jan. 22, 2018). On January 9, 2018, Morrow's motion for reconsideration was denied. *Id.*

Less than two months later, Morrow filed the instant action. The petition is not signed nor dated. *See* ECF No. 1. Petitioner again alleges that his constitutional right to a fair trial was violated by the government's failure to disclose an agreement with co-defendant Dekal James. *Id.* Morrow contends that his remedy under § 2255 is inadequate and ineffective to challenge his conviction on a *Brady* claim and that the instant action is his "first opportunity to receive judicial rectification." *Id. at p. 20.*

STANDARD OF REVIEW

A federal prisoner may challenge the legality of his sentence through a writ of habeas corpus under section 2241 pursuant to the "savings clause" of Section 2255. The savings clause states, in relevant part:

> An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him

relin, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of detention.*

28 U.S.C. § 2255(e) (emphasis added).

A Section 2255 motion is not "inadequate or ineffective" merely because a petitioner cannot meet the second or successive requirements. *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999). For this Court to have jurisdiction under the savings clause, Morrow must be able to either (1) "prove his actual innocence on the existing record" and that he "could not have effectively raised his claim of innocence at an earlier time," *Barrett*, 178 F.3d at 52 (internal quotation marks and citations omitted); or (2) prove that a "complete miscarriage of justice" would result if the petition is denied. *Calvache v. Benov*, 183 F. Supp. 2d 124, 127 (D. Mass. 2001) (citations omitted). Recourse to the savings clause is permitted only when "the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification,'" or when compliance with the procedure of § 2255 would result in a "complete miscarriage of justice." *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir.2008) (quoting *In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir.1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." *Id.*

Even if the savings clause applies, as Morrow contends, "procedurally defaulted claims falling within the savings clause of § 2255" must meet a "cause and prejudice" standard. *Sustache–Rivera v. United States*, 221 F.3d 16, 17 (1st Cir. 2000). Under that standard, the petitioner must show (1) cause for failing to make his claim earlier and (2) that he suffered actual prejudice from the errors of which he complains. *United States v. Frady*, 456 U.S. 152, 168 (1982).

## DISCUSSION

Here, Morrow again contends that co-defendant Dekal James agreed to testify only after the government threatened to prosecute James' mother. He contends that the government's failure to disclose this information to his defense, or to the jury, amounts to a *Brady* violation or prejudice from a *Brady* violation.

Morrow complains that the Seventh Circuit directed him to raise his fair trial claim in a habeas petition after completing his direct appeal, but the sentencing court held that the issue was procedurally barred due to Morrow's failure to raise on direct appeal. Morrow contends that the Seventh Circuit "is the cause and prejudice of why the Petitioner didn't raise this issue on direct appeal." *See* Doc. No. 1, p 25. In support of his argument, Morrow references *Lacase v. Warden, Louisiana Correctional Institute for Women*,

645 F.3d 729 (5th Cir. 2011) for the proposition that because there was a *Brady* violation, there was a reasonable probability that disclosure of an agreement between the prosecution and a codefendant would have produced a different result. ECF No. 1, p. 16.

Although Morrow attributes to the Seventh Circuit his failure to assert a *Brady* violation on appeal, the record shows that Morrow's first direct appeal, filed by counsel, did not raise the issue. His first direct appeal simply challenged the sentence imposed in light of Morrow's particular health problems. In considering his § 2255 motion, the sentencing court held that his fair trial claims are procedurally defaulted because he failed to raise them on direct appeal.

Even if Morrow could identify sufficient cause to justify collateral review of the procedurally defaulted claim, he cannot show prejudice. In light of the extensive evidence against Morrow, even if the government disclosed the agreement with codefendant Dekal James, there is not a reasonable probability that Morrow would not have been convicted. Morrow does not come close to satisfying the cause and prejudice test.

### ORDER

For the foregoing reasons, the petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 is DENIED.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE